Opinion op the Court,
by Judge Mills.
AT the foot of an indictment for assault and battery, before it was presented to the grand jury, the name of the prosecutor was subscribed as the act of assembly requires. Before the indictment was tried, and after was found by the grand jury, the prosecutor died, ar)d the defendant therein accused, applied to the court below to abate or dismiss the indictment, because of the death of the prosecutor. The attorney for the Commonwea‘th resisted this application, and offered, if the court should suppose it necessary, to subscribe the name of another prosecutor to the indictment. This was not permitted, and the indictment was dismissed; and to reverse this decision, this writ of error is prosecuted by the Commonwealth.
If this indictment was founded on, and took its origin from the act of assembly, which requires the name of the prosecutor to be subscribed before it was presented to the grand jury, we might be able to discover the principle which governed the court below ; for as the indictment, in that case, would rest upon the act and could not exist without it, and if there should be no prosecutor by any means or way, which was an essential requisite to such indictment, it might be fairly urged, that the existence of the right to prosecute the indictment further, did not survive the existence of the prosecutor. The indictment, however, existed at common law, and could, by its provisions, be prosecuted in the name and by the authority of the Commonwealth, without any prosecutor. Lest indictments of this kind should be made the ministers of passion, and be used for vindictive purposes, it was thought expedient by the legislature to subject them to some restrictions, one of which is, the subscribing the name of the prosecutor. It has been also provided, that on its being shewn to the court that the prosecutor was unable to pay costs, security may be required, and that on the final judgment of acquittal, the prosecutor should be subject to costs. So far as these restrictions have been imposed, *293 they must be complied with, and where they are not, the accused may refuse to be tried. But it is no where said, that the existence of the indictment shall be coeval with the life of the prosecutor; and if the prosecutor dies, the right of the Commonwealtli to proceed at common law, is not abolished by the act. It is an event unprovided for in the act, and the right of the Commonwealth to proceed upon such event, is not affected. Had there been an application to the court to require security, there might have been some plausibility in contending that the equity of the act requiring security, embraced it; but there is none in supposing that the indictment which existed at common law, ceased, by the act, with the existence of the prosecutor, when there is no provision in the act to that effect.
The judgment of the court below, dismissing the indictment, must be reversed with costs, and the cause be remanded, with directions for new proceedings not inconsistent with this opinion.